UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil No. 13-25-ART |
| v. | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| MATTHEW CASTLE, et al., | ) ) ) | |
| Defendants. | ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Facts drive pleadings. A court can no more adjudicate a factually barren lawsuit than a physician can diagnose a symptomless patient. The defendants' four-paragraph counterclaim in this case recites the law and alleges no facts. Their amended counterclaim more than doubles the length of its predecessor without further illuminating the facts underlying the claim. For this reason, the Court must grant the plaintiff's motions to dismiss the counterclaim and amended counterclaim.

### BACKGROUND

A fire destroyed Anthony and Maria Castle's home at 181 Beaver Valley Road in Martin, Kentucky (the "Beaver Valley Road property"). R. 15 at 1, 3. At the time of the blaze, they were in the midst of selling that home, via a land sale contract, to their son, Matthew Castle. *Id*. at 2. The land sale contract called for Matthew to name Anthony and Maria as additional insureds on any homeowners insurance he purchased for the property.

*Id.* at 3.

Within a month of the fire at the Beaver Valley Road property, a second fire destroyed another home owned by Matthew Castle, located at 10956 Main Street in Martin, Kentucky (the "Main Street property"). *Id.* at 2–4. The parties allude to evidence that arson caused both fires. *Id.* at 4 ("the homes may have been destroyed by arson"); R. 5 at 6–7. Whatever the fires' cause, the Castles disavow any foul play. R. 15 at 4.

Before the fires, Matthew Castle obtained homeowners insurance policies from Nationwide Mutual Fire Insurance Company to cover both properties. *Id.* at 3–4. Neither policy, however, listed his parents as additional insureds. *Id.* at 2–3. Nationwide sued all three Castles, seeking a declaratory judgment that those policies were null and void from their inception. R. 5 at 10. The Castles filed a counterclaim, R. 4, which they later amended, R. 17, alleging that Nationwide had breached the insurance policies and violated Kentucky's Unfair Claims Settlement Practices Act ("UCSPA"). *Id.* at 3–5. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Nationwide moved to dismiss the defendants' counterclaim and amended counterclaim for failure to state a claim. R. 10; R. 20. Nationwide argues that the counterclaim "does not set forth any facts to allow the Court to make any inferences concerning liability" and that "[t]he Castles have not pleaded sufficient facts." R. 10 at 1.

## DISCUSSION

A counterclaim, like a complaint, must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss under Rule 12(b)(6), a counterclaimant must "plead enough factual matter to raise a plausible inference of wrongdoing." *16630 Southfield Ltd. P'ship v.*

2

*Flagstar Bank, F.S.B.*, No.12-2620, 2013 WL 4081909, at *2 (6th Cir. Aug. 14, 2013) (internal quotation marks omitted). If the well-pled facts do not allow the court to infer "more than the mere possibility of misconduct," then dismissal is appropriate. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Castles' counterclaim is devoid of facts plausibly supporting their allegations. Specifically, the Castles did not plead facts establishing: (1) that Anthony and Maria Castle have standing to enforce the Main Street property's insurance policy, (2) that Nationwide actually breached either insurance policy, and (3) that Nationwide acted in bad faith. So, the Court must grant Nationwide's motions to dismiss the Castles' counterclaim.

**I.  The Castles Plead Insufficient Facts To Make Their Breach of Contract Claims Plausible, So Those Claims Must Be Dismissed.**

The Castles assert that Nationwide breached two contracts: Matthew Castle's insurance policies for the Beaver Valley Road and Main Street properties. In order to establish a breach of contract under Kentucky law, the Castles must prove: (1) the existence of a contract, (2) breach of that contract, and (3) damages stemming from the breach. *Metro Louisville/Jefferson Cnty. Gov't v. Abma*, 326 S.W.3d 1, 8 (Ky. 2009). The Castles' counterclaim, however, suffers from a dearth of evidence in support of the first two elements.

**A.  Matthew Castle Properly Pleads the Existence of Both Contracts, but Anthony and Maria Castle Plead Sufficient Facts To Establish Standing To Enforce Only One Contract.**

To meet the first element of their breach of contract claims, the Castles must plead facts that, when taken as true, establish the existence of a contract for insurance coverage for both properties. As the party named on both insurance policies, Matthew Castle successfully accomplishes this. In contrast, Anthony and Maria Castle offer no facts supporting their

3

interest in Matthew's insurance policy for the Main Street property. They do, however, plead facts sufficient to state a claim that they have rights under the policy for the Beaver Valley Road property.

The Main Street Property: The defendants provide adequate factual support for Matthew Castle's contention that he possesses a Nationwide insurance policy for the Main Street property. R. 17 at 2 (alleging that Matthew purchased policy number 63 16 HO 504915). Anthony and Maria Castle, on the other hand, have no known relationship with that property or with Matthew's policy. To establish breach of contract as a stranger to the contract, a party must show that he was an intended third-party beneficiary of that contract. *See Laurel Constr. Co. v. Paintsville Util. Comm'n*, 336 S.W.3d 903, 907 (Ky. Ct. App. 2010). Anthony and Maria Castle make no factual showing that they are parties to or third-party beneficiaries of the Main Street property's insurance policy. Therefore, their breach of contract claim fails on its first element.

The Beaver Valley Road Property: Once again, the defendants provide ample factual support for Matthew Castle's claim that he holds a Nationwide insurance policy for the Beaver Valley Road property. R. 17 at 1 (alleging that Matthew purchased policy number 63 16 HO 503396). This time, however, Anthony and Maria Castle also allege facts sufficient to demonstrate that they are third-party beneficiaries of Matthew's policy.

Anthony and Maria Castle's land sale contract with their son gives them an insurable interest in the property and the right to enforce the accompanying insurance policy. In Kentucky, "it is not necessary that one be named as an insured in an insurance policy in order to be entitled to policy proceeds." *Estes v. Thurman*, 192 S.W.3d 429, 432 (Ky. Ct. App.

4

2005). Where a land sale contract requires the buyer to list the seller as an additional insured, the seller may sue to enforce the buyer's insurance policy, even if the buyer neglected to list the seller as an additional insured. *See Castle Ins. Co. v. Vanover*, 993 S.W.2d 509, 510 (Ky. Ct. App. 1999). In *Castle Insurance*, the claimants' land sale contract obligated the buyer to add them to his insurance policy as security for an unpaid balance on the property. *Id.* The buyer never listed them on his policy. Still, when the property burned down, the claimants were allowed to sue the insurance company to recover on the buyers' policy. *Id.*

Assuming the Castles' factual allegations are true, this case mirrors *Castle Insurance* perfectly. At the time of the fire, Anthony and Maria Castle had partially completed the sale of the Beaver Valley Road property to their son, and their land sale contract required Matthew to name his parents as additional insureds on his Nationwide policy. R. 17 at 3. The Castles therefore successfully plead the first element of their breach of contract claim concerning the Beaver Valley Road property.

    **B.**     **The Castles Do Not Plead Sufficient Facts To Make a Plausible Claim That Nationwide Breached the Terms of the Insurance Policies.**

The Castles' counterclaim fails on another front: It alleges no facts establishing that Nationwide actually breached either contract. A plausible counterclaim must do more than recite the elements of a claim while couching bare legal conclusions as facts. *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011). In the breach of contract context, this means that a claimant must identify a "contractual basis" for the claim, including the specific terms of the contract allegedly breached. *Northampton Rest. Group, Inc. v. FirstMerit Bank, N.A.*, 492 F. App'x 518, 522 (6th Cir. 2012); *accord Shane v. Bunzl*

*Distrib. USA, Inc.*, 200 F. App'x 397, 402 (6th Cir. 2006). The claimant must then allege facts indicating that his adversary somehow breached the relevant contractual terms.

The Castles' pleadings do not satisfy this standard, because the Castles never even identify the contractual provision that Nationwide allegedly breached. Nor do they explain how the alleged breach occurred. All they say is that Nationwide somehow breached the policies on the Main Street and Beaver Valley Road properties: "Plaintiffs have wrongfully denied coverage, wrongfully refused to may (sic) payment under the insurance policy, and have otherwise breached their insurance contract agreement with these answering defendants." R. 17 at 4. Even their response to Nationwide's motion to dismiss reveals precious few factual allegations. R. 16 at 2 ("Matthew Castle has claimed breach of contract because Nationwide has asserted meritless accusations as a means to delay and/or deny payment."). But these conclusory statements cannot satisfy Rule 8's pleading requirements. *See Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

Because the Castles do not adequately plead that Nationwide breached its contractual obligations, the Court need not address damages, the last element of a breach of contract claim.

**II.    The Court Must Also Dismiss the Castles' Bad Faith Claim Under Kentucky's UCSPA.**

The Castles' bad faith claim under the UCSPA also fails, because the Castles do not allege facts establishing that Nationwide conducted itself unreasonably or coupled its payment delay with harassment or deception. In order to state a bad faith claim under Kentucky's UCSPA, a claimant must allege that: (1) the insurer was obligated to pay the

claim under the terms of the policy; (2) the insurer lacked a reasonable basis in law or fact for denying the claim; and (3) the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether any basis existed. *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993). An insurer may "challenge a claim and litigate it if the claim is debatable on the law or the facts" without running afoul of the UCSPA. *Id.* (internal quotation marks omitted). A mere delay in payment does not violate the UCSPA "absent some affirmative act of harassment or deception." *Motorists Mut. Ins. Co. v. Glass*, 996 S.W.2d 437, 452 (Ky. 1997).

To buttress their argument, the Castles offer only legal conclusions and recite the elements of their claim. They allege "that the failure of [Nationwide] to compensate them violates the Unfair Claims Settlement Practices Act." R. 17 at 4. They also state that Nationwide "has a clear obligation to pay," "has had adequate time to investigate the claim," "lacks any reasonable basis for denying payment based upon its investigation," "knows that there is no reasonable basis to deny payment," and "has acted with reckless disregard." *Id.* They argue that the validity of their claim is so obvious that Nationwide cannot reasonably challenge it as debatable on the facts. *Id.* (stating that there is "no reasonable basis to assert that the homes were destroyed by any intentional act of [the Castles]" and "that Nationwide has no reasonable basis to assert that the homes were not the primary residences of Matthew Castle").

These statements are merely legal conclusions posing as facts. The Castles tell the Court which inference to draw, but they do not provide the facts necessary for the Court to reach their favored conclusion. Accordingly, the Castles' statements cannot forestall

7

dismissal of their counterclaim. *See Iqbal*, 556 U.S. at 678–79; *see also Mezibov v. Allen*, 411 F.3d 711, 716 (6th Cir. 2005) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). Furthermore, the balance of the Castles' counterclaim undercuts the plausibility of their arguments. For example, in the same breath that they assert that the validity of their claim is not debatable on the facts, they acknowledge evidence that arsonists destroyed their homes— which suggests that Nationwide undertook its investigation of the Castles' insurance claims in good faith. R. 17 at 4.

In short, the Castles have raised nothing more than a mere possibility of misconduct. They have not pushed their counterclaim "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Their theory that Nationwide acted in bad faith under the UCSPA is wholly unsupported by well-pled factual allegations. Accordingly, Nationwide's motion to dismiss the UCSPA bad faith count of the Castles' counterclaim must be granted.

## CONCLUSION

For the foregoing reasons, Nationwide's motions to dismiss the Castles' counterclaim and amended counterclaim, R. 10; R. 20, are **GRANTED**.

This the 2nd day of October, 2013.



Signed By:
*Amul R. Thapar*
United States District Judge

8