UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, | ) ) ) | Civil No. 13-25-ART |
| Plaintiff, | ) ) | |
| v. | ) ) | **MEMORANDUM OPINION & ORDER** |
| MATTHEW CASTLE, et al., | ) ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

"[F]or mortals, living means lying." *United States v. Alvarez*, 638 F.3d 666, 674–75 (9th Cir. 2011) (Kozinski, J., concurring in the denial of rehearing). Indeed, liars may even invoke the First Amendment. *United States v. Alvarez*, 132 S. Ct. 2537, 2547–48 (2012). But a constitutional right is no substitute for a clear conscience, and the First Amendment comes in handy less frequently than one might expect. Lying can place you at odds with the Almighty, Exodus 20:16, land you in prison, 18 U.S.C. § 1001, and even wreak havoc on NCAA football programs, *see* NCAA Notice of Allegations to the President of the Ohio State University at 4 (April 21, 2011), *available at* http://i.usatoday.net/sports/college/football/2011-04-25-osu-letter.pdf ("[Jim] Tressel falsely attested that . . . ."). Or, as Matthew Castle and his parents found out, lying can lead your insurance company to sue you after your house burns down.

## BACKGROUND

Matthew Castle purchased two home insurance policies from Nationwide Mutual Fire Insurance Company ("Nationwide"). R. 35 at 1–2. Both homes were in Martin, Kentucky. *Id.* The first policy covered a property at 181 Beaver Valley Road, and the second was for a house at 109506 Main Street. *Id.* In his applications, Castle stated that the properties were "owner occupied" and that they had not been purchased by a contract-for-deed. R. 46-2 at 40–42, 65. After Nationwide issued the policies, both properties burned to the ground. R. 35 at 1–2. Nationwide then initiated this action, seeking a declaration that it was not obliged to pay Matthew or his parents (who also asserted an insurable interest in the properties, R. 4 ¶ 3), because he lied in his applications. R. 1.

## DISCUSSION

Kentucky law requires insurance applicants to be "honest and forthright in their representations." *Progressive N. Ins. Co. v. Corder*, 15 S.W.3d 381, 383 (Ky. 2000) (internal quotation marks omitted). An insurance company need not honor an insurance policy if the insured made a material misrepresentation in his application. Ky. Rev. Stat. § 304.14-110. When an insurance company can prove that a policy-holder lied in his insurance application, and that it would not have issued the policy but for the lie, then the insurer may treat the policy as a nullity and deny the insured's claim. Ky. Rev. Stat. § 304.14-110(3); *Nationwide Mut. Fire Ins. Co. v. Nelson*, 912 F. Supp. 2d 452, 454 (E.D. Ky. 2012).

Nationwide moved for summary judgment, arguing that it would not have issued Matthew the insurance policies but for his misrepresentations. R. 46-1 at 5–12. Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v.*

2

*Catrett,* 477 U.S. 317, 322–23 (1986). The Court must view the evidence in the light most favorable to the Castles and draw all reasonable inferences in their favor, because they are the non-moving parties. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). For the reasons explained below, Nationwide is entitled to summary judgment as to the Beaver Road property but not the Main Street property.

**I.   The Beaver Valley Road Property Was Purchased Through a Contract-for-Deed, So Nationwide Is Entitled to Summary Judgment.**

Nationwide is entitled to summary judgment as to the Beaver Valley Road Property for two independent reasons: Because the Castles admitted that Matthew purchased the property with a contract-for-deed, and because—even ignoring their admission—the Castles have failed to show that any disputed question of material fact remains for trial.

**A. The Castles Admitted that Matthew Purchased the Property with a Contract-for-Deed.**

Three key facts are undisputed: (1) When Matthew applied for the policy, he certified that the Beaver Valley Road Property was not purchased through a contract-for-deed, R. 46-2 at 40–42; (2) in fact, Matthew had purchased the property via a contract-for-deed from his parents, *see, e.g.*, R. 46-2 at 41; and (3) Nationwide would have refused to issue the policy had it known the truth of the matter, R. 46-5 at 2–3. Thus, the requirements of Ky. Rev. Stat. § 304.14-110(3) are satisfied: Matthew lied, and but for the lie Nationwide would not have issued the policy. Nationwide is therefore entitled to a declaration that it need not honor the Beaver Valley Road policy.

The Castles attempt to resist this straightforward conclusion by suggesting that they dispute whether Matthew purchased the property by a contract-for-deed. R. 47 at 5. But Matthew and his father Anthony admitted that fact in their depositions, R. 46-2 at 41; R. 46-3

3

at 34–35, and the Castles have admitted that fact at least six times in their pleadings: Twice in their answer, R. 4 ¶¶ 2, 3, twice in their response to Nationwide's amended petition, R. 15 ¶¶ 2, 3, and they effectively admitted that fact twice more in their response to Nationwide's summary judgment motion, *see* R. 47 (failing to dispute Nationwide's statement of facts). For present purposes, the effective admissions in their briefing of the summary judgment motion are the most damning. In its opening brief, Nationwide stated that Castle bought the property with a contract-for-deed and that he lied when he denied doing so in his application. R. 46-1 at 1–2. This Court's previous order required the Castles to respond by identifying any disputed facts in separately numbered paragraphs with accompanying record citations. R. 45 at 4. The order clearly stated that the Court would treat any facts not properly disputed as admitted for purposes of summary judgment. *Id.* at 5. The Castles failed to respond as required by the Court's order. They did not include a section of numbered paragraphs specifically disputing Nationwide's statement of facts. *See* R. 47. They have thus conceded that the Beaver Valley Road Property was purchased through a contract-for-deed.[1]

### B. The Castles Do Not Deny the Validity of the Contract-for-Deed.

Even if the Court were inclined to overlook the Castles' failure to comply with the briefing requirements, Nationwide would still prevail, because the Castles do not deny that the property was purchased with a contract-for-deed. Nationwide carried its initial burden at the summary judgment stage by pointing to the Castles' previous admissions and the undisputed fact that it would not have issued the policy had it known about the contract-for-deed. R. 46-1 at 2–5. The burden therefore shifted to the Castles to show that genuine issues

---

[1] The Court gave the Castles' counsel a chance to explain the failure to comply during a telephonic conference. Counsel stated that a different attorney had prepared the response.

of material fact remained for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The Castles claim that portions of Anthony's deposition testimony create a genuine issue of material fact regarding whether the property was purchased with a contract-for-deed. R. 47 at 4–5.  Anthony stated that he executed a separate deed granting the land to Matthew, in addition to the contract-for-deed.  R. 46-3 at 31.  Anthony nevertheless admitted that Matthew was purchasing the property from him via a contract-for-deed, and he never suggested that the other deed somehow voided or superseded the contract-for-deed. *Id.* at 34–35.

Merely noting that Anthony referred to another deed cannot get the Castles to trial, because the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 574.  The Castles offered no legal argument explaining why the existence of the other deed is material or how the possible existence of that deed bears on the validity of the contract-for-deed. *See* R. 47 at 4–5 (offering one paragraph of argument without citation to any legal authority).  In short, the Castles have offered no reason to doubt what Matthew and Anthony both repeatedly admitted:  That Matthew was purchasing the property from Anthony via a contract-for-deed. Because it is undisputed that Matthew lied about that fact on his application, and that Nationwide would not have issued the policy had it known the truth, Nationwide is entitled to summary judgment as to the Beaver Valley Road property. *See* KRS § 304.14-110.

5

## II. A Genuine Issue of Material Fact Precludes Summary Judgment as to the Main Street Property.

Nationwide contends that Matthew also fibbed about whether the Main Street Property was "owner occupied." R. 46-1 at 11–12. Nationwide does not dispute that Matthew owned the home, but it quarrels with whether he "occupied" it. *See id.* Nationwide neither points to a contractual definition of "owner occupied" nor offers a definition of its own. *See id.* Nationwide apparently believes that Matthew did not occupy the home because he did not sleep or live there. *See id.* at 4–5, 11–12 (arguing that Matthew did not "occupy" the home and noting that he did not live there or sleep there).

Nationwide's failure to define the key term nearly dooms its argument. How can the Court judge whether Nationwide has carried its burden of showing that no "material" facts are in dispute when it does not know which facts matter? Insofar as Nationwide simply assumes that the plain meaning of "occupy" required Matthew to sleep or live at the property, the Court is unpersuaded. If sleeping and living are elements of "occupying," then nobody (or almost nobody) occupies office buildings, or baseball stadiums, or amusement parks, or the other innumerable places that are packed during the day and vacant at night. But it makes perfect sense to say that a company occupies an office building, that the Red Sox occupy Fenway Park, and that children occupy Six Flags.

And it may similarly make sense to say that Matthew occupied the Main Street property. Viewing the record most favorably to the Castles, the relevant facts are as follows. Matthew acquired the property on February 28, 2013. R. 46-3 at 58. It was apparently in poor condition. *Id.* at 59. Matthew immediately began to improve the property by installing drywall and wiring. R. 46-2 at 54–55. When Matthew submitted his insurance application

on March 7, Anthony informed a Nationwide agent that the Castles needed some time to renovate the home before anyone could live there. R. 46-3 at 59, 106. The agent told Anthony "that will be fine," suggesting that the Castles' plan comported with the terms of Matthew's application. *Id.* at 59. The property burned down on March 11. *Id.* at 61.

If a jury credited Anthony's testimony, then the Nationwide agent's approval of the Castles' plan could provide powerful evidence that the property was "owner occupied" within the meaning of the application. Although parol evidence cannot contradict a written term, evidence such as the parties' course of performance is admissible to explain a term's meaning. KRS § 355.2-202(1) (permitting evidence of "course of performance" to explain a term's meaning); KRS § 355.1-303 (defining "course of performance" to include a situation in which one party "with knowledge of the nature of the performance and opportunity for objection to it, accepts the performance or acquiesces in it without objection"). Clarification is appropriate here, because neither party has pointed the Court to a definition of "owner occupied," and Nationwide is not entitled to summary judgment based on the term's ordinary meaning.[2] A genuine issue of material fact thus remains for trial.

## CONCLUSION

The disposition of this motion turns largely on the parties' respective failures to carry certain burdens. The Castles admitted key facts by failing to follow the Court's briefing requirements, and they could not explain why Anthony's deposition testimony concerning a separate deed was relevant to whether Matthew lied about the contract-for-deed. On the other hand, Nationwide never explained what "owner occupied" means, and it never

---

[2]The Castles' failure to dispute Nationwide's statement of facts does not resolve this point, because Nationwide's statement does not explain what "owner occupied" means. *See* R. 46-1 at 4–5.

grappled with Anthony's testimony about his conversation with a Nationwide agent. Thus, Nationwide is entitled to summary judgment as to the Beaver Valley Road property, but not the Main Street property. Accordingly it is **ORDERED** that:

(1) Nationwide's motion for summary judgment, R. 46, is **GRANTED IN PART AND DENIED IN PART**.

(2) Nationwide is entitled to a declaration that it need not honor the insurance policy for the Beaver Valley Road property.

(3) Genuine issues of material fact remain for trial as to the Main Street property.

This the 21st day of April, 2014.

Signed By:
*Amul R. Thapar* AT
United States District Judge